NO. 07-09-00206-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



SEPTEMBER
28, 2010

 



 

NICK LEE GRIEGO, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 242ND DISTRICT COURT OF HALE
COUNTY;

 

NO. B17934-0902; HONORABLE EDWARD LEE SELF, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ORDER

 

Appellant, Nick Lee Griego, has filed a motion in which he requests that this
Court set reasonable bail pending final disposition of his appeal.  We grant his motion.

            On
June 10, 2010, this Court issued its opinion concluding that there was legally
insufficient evidence to sustain appellant’s conviction for third-degree felony
evading arrest or detention using a vehicle and having been previously
convicted of evading arrest or detention[1]
and that there was factually insufficient evidence to sustain a state-jail
felony conviction for evading arrest or detention using a vehicle.[2]  We rendered a judgment of acquittal as to the
third-degree felony offense and remanded the cause
for a new trial on the charges of the state-jail felony offense of evading
arrest or detention using a vehicle.  See
Griego v. State, 07-09-00206-CR, 2010 Tex.App. LEXIS 4430 (Tex. App.—Amarillo
June 10, 2010, no pet. h.).   We
overruled the State’s motion for rehearing on August 3, 2010.  Appellant filed in this Court his motion for
reasonable bail pending final determination of his appeal on September 3, 2010.  On September 8, 2010, the State filed, and
the Texas Court of Criminal Appeals granted, its motion for extension of time
in which to file its petition for discretionary review.

            We
are authorized to set bail upon request by an appellant in the following
circumstances:

If a conviction is reversed by a decision of a Court of Appeals, the
defendant, if in custody, is entitled to release on reasonable bail, regardless
of the length of term of imprisonment, pending final determination of an appeal
by the state or the defendant on a motion for discretionary review.  If the defendant requests bail before a
petition for discretionary review has been filed, the Court of Appeals shall
determine the amount of bail. If the defendant requests bail after a petition
for discretionary review has been filed, the Court of Criminal Appeals shall
determine the amount of bail.  The
sureties on the bail must be approved by the court where the trial was had.  The defendant's right to release under this
subsection attaches immediately on the issuance of the Court of Appeals' final
ruling as defined by Tex.Cr.App.R. 209(c).[3]

Tex.
Code Crim. Proc. Ann. art. 44.04(h) (Vernon
2006).  So, having reversed
appellant’s conviction and having been requested to set bail at a time prior to
the filing of a petition for discretionary review, we have authority to
consider appellant’s motion.

            Though
article 44.04(h) directs that the defendant be released on reasonable bail
under these circumstances, it does not specify the factors we are to consider
when determining the appropriate sum.  We
are not without guidance, however. 
Certain general rules govern the amount of bail to be required:

1. The bail shall be sufficiently high to give reasonable assurance
that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an
instrument of oppression.

3. The nature of the offense and the circumstances under which it was
committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken
upon this point.

5. The future safety of a victim of the alleged offense and the
community shall be considered.

Tex.
Code Crim. Proc. Ann. art. 17.15 (Vernon
2005).  Consistent with article
17.15’s general rules, the Texas Court of Criminal Appeals outlined more
specific factors to be taken into consideration when determining reasonable
bail: (1) the length of the sentence; (2) the nature of the offense; (3) work
history; (4) family and community ties; (5) length of residency; (6) ability to
make the bond; (7) criminal history; (8) conformity with previous bond
conditions; (9) existence of other outstanding bonds; and (10) aggravating
factors involved in the offense.  Ex parte Rubac, 611 S.W.2d 848,
849–50 (Tex.Crim.App. 1981).  When, as here, the issue is reasonable bail
pending final determination of an appeal following a reversal by an appellate
court, the Fourteenth Court of Appeals outlined additional, perhaps even more
specifically-tailored, considerations: 
(1) the fact that the conviction has been overturned; (2) the State’s
ability (or inability) to retry the appellant; and (3) the likelihood that the
decision of the court of appeals will be overturned.  See Aviles v. State, 26 S.W.3d
696, 699 (Tex.App.—Houston [14th Dist.] 2000, pet. ref’d).

            With
these several considerations in mind, we turn to appellant’s motion.  Appellant’s motion provides very little new
information that would aid in our determination.  He points out that he has been incarcerated
since June 2009 and represents that he is in poor health and in need of medical
care.  The record on direct appeal
provides us with additional information.

            From
the record, we observe that appellant’s criminal history is fairly
significant.  As an adult, appellant has
been charged with five offenses, ranging from the Class A misdemeanor of
resisting arrest to the third-degree felony offense of tampering with
evidence.  The other three offenses were
state-jail felonies.

            In
the instant case, appellant was originally charged with and convicted of
another third-degree felony, but, on direct appeal of that conviction, the
State conceded that its failure to introduce evidence of a prior evading arrest
or detention conviction at the guilt-innocence phase of trial rendered the
evidence legally insufficient to sustain a conviction for the third-degree
felony offense.[4]  See Tex.
Penal Code Ann. § 38.04(b)(2)(A).  The State urged us to find the evidence
sufficient to sustain a conviction on the state-jail felony offense of evading
arrest or detention using a motor vehicle. 
See Haynes v. State, 273 S.W.3d 183, 184 (Tex.Crim.App. 2008) (authorizing us to reform the judgment
to reflect that appellant was convicted of the state-jail felony if such
offense was included in the jury charge and if the evidence was sufficient to
support such conviction).  We found,
instead, that the evidence was factually insufficient to support a conviction
for the state-jail felony and remanded the cause for
a new trial.  New trial was to be had on
the state-jail felony allegations, not the third-degree felony charges.  Since the evidence was legally insufficient
to sustain the conviction for the third-degree felony offense, we rendered a
judgment of acquittal as to that offense. 
The State may not retry appellant for the third-degree felony
offense.  

            This
observation leads to other relevant considerations: the length of sentence and
the nature of the offense.  See Rubac, 611 S.W.2d at 849.  At a new trial on remand, the maximum grade
of offense for which appellant could be convicted is a state-jail felony,
meaning that the maximum term of imprisonment the base offense would carry is
two years in a state-jail facility.  See
Tex. Penal Code Ann. § 12.35(a) (Vernon Supp. 2010).  That is not to say, however, that the State
will be unable to enhance punishment for the state-jail felony by properly
employing any prior convictions. 
Nonetheless, we note that the appellant will be retried, if he is
retried, only on charges of a state-jail felony.  Not to minimize any attempt to avoid detention
by police, we also note the offense with which appellant was charged is a
nonviolent one.  Here, the State made no
allegation that appellant used his car as a deadly weapon.  Nor was there any evidence of reckless or
erratic driving.

            We
also consider appellant’s financial resources. 
See Rubac, 611
S.W.2d at 849.  In his affidavit
of financial status executed prior to trial, appellant represented that he had
a gross monthly income of $1,600.00 to $2,000.00 and monthly expenses ranging
from $1,095.00 to $1,195.00.  Appellant
was represented by appointed counsel both at trial and on appeal, suggesting
that he was indigent.  In his motion,
appellant maintains that he “is without funds to post a significant bond.”  Considering that appellant has been incarcerated
for well over a year, we presume that his financial status has not
improved.  

            Regarding
appellant’s ties to the community of Plainview, we learn very little from the
record.  Appellant’s brother is listed in
the clerk’s record as an emergency contact, and the brother’s address is in
Plainview.  The record does indicate that
he has been in Hale County for a number of years.

            With
respect to the likelihood that the Texas Court of Criminal Appeals will reverse
our decision, we are respectfully hesitant to predict the high court’s
disposition of a petition for discretionary review and will go only so far as
to say that we remain confident that our decision employed the proper standard
of review, that the evidence was factually insufficient to sustain a conviction
for the state-jail felony, and that our disposition of the case was correct
under the law.  We do note, however, that
decisions reversing a conviction on the basis of factual sufficiency may
sometimes be perceived as dwelling very closely to territory belonging to the
jury.

            Appellant’s
pretrial bail was originally set at $5,000.00 but, it having been determined
that such amount was insufficient, was increased to $10,000.00.  In his motion, he requests that this Court
set bail at $1,000.00.  Considering the
factors on which we have been provided information and endeavoring to strike a
balance between ensuring appellant’s presence and avoiding oppressive bail, we
GRANT appellant’s Motion for Reasonable Bail Pending Final Determination of
Appeal and set bail pending final determination of appeal at $2,500.00.  See Tex.
Code Crim. Proc. Ann. art.
44.04(h).

            IT
IS SO ORDERED.

                                                                                                Per
Curiam

Do not publish.   

            








 











[1]
See Tex.
Penal Code Ann. § 38.04(b)(2)(A) (Vernon Supp.
2010).





 

[2]
See
id. § 38.04(b)(1)(B).

 





[3]
As the Waco Court explained, the former Rule
209(c) of the Texas Rules of Post Trial and Appellate Procedure in Criminal
Cases provided:

 

As used in these rules, ‘final ruling of the court’
means (1) the 16th day after the date of the delivery of the court's opinion or
order where a motion for rehearing is permitted under Rule 208 but is not filed
or rehearing is not granted on the court’s own motion, (2) the day after the
date of the overruling of a motion for rehearing where a further motion for
rehearing is not permitted under Rule 208, or (3) if a motion for rehearing
pursuant to Rule 208(d) is granted, the day after the date of the disposition
of the case on rehearing, whichever is later.

 

In re Keeter, 134 S.W.3d 250, 253 (Tex.App.—Waco 2003, orig. proceeding).





[4]
With respect to the third-degree felony offense
of evading arrest or detention having previously been convicted of evading
arrest or detention, we reversed the judgment and rendered a judgment of
acquittal.  So, we may and do consider
that the State may not retry appellant for the third-degree felony offense.